PROVOSTY, J.
The petition in this case alleges that plaintiff made advances to his son to enable him to study civil engineering, and that this was done under an agreement that the advances were to be repaid by the son when he should “have secured such a start in the pursuit of his profession of civil engineering as to be in a position, financially, to repay said advances; that thereafter he commenced the practice of his profession of civil engineering, but died before being able to acquire such a position financially as to enable him to repay any part of said advances.” The suit is against the succession of the son, and we assume that the property *989 of his succession consists in Ms inheritance from his mother, who died after the time at which the advances in question are alleged to have been made.
The petition was excepted to, as showing no cause of action, because there is no allegation that the son had attained his majority and was capable of contracting at the time the advances were made; and because, even if he was a major, the father was under obligation to support him; and, finally, because by the terms of the contract he was to repay these advances only when he should have secured such a start in his profession of civil engineering as to be in a position, financially, to repay these advances, and that he died before this time had arrived.
On this last ground, if not, also, on the others, the exception was properly sustained.
Judgment affirmed.